UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PAULA MARIE BRADSHAW,

        Petitioner,

v.                                    ACTION NO. 2:19cv60

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Paula Marie Bradshaw's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED,** and that the petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

        **I.**        **STATEMENT OF THE CASE**

Paula Marie Bradshaw ("Bradshaw") was convicted, following a jury trial in the Circuit Court for the City of Chesapeake on September 18, 2017, of threatening to bomb or burn a structure in violation of Virginia Code § 18.2-83(A). ECF No. 1 at 1. Bradshaw was sentenced on February

23, 2018, to three years in prison, with three years suspended, on the condition that she complete two years of supervised probation. ECF No. 1 at 1; ECF No. 17 at 1–2. Bradshaw did not file a direct appeal of her conviction.

On September 18, 2018, Bradshaw filed a petition for writ of habeas corpus in the Circuit Court for the City of Chesapeake challenging her conviction on the following grounds: (A) her Fourth Amendment rights were violated due to an "officer mistake of law" as the statute requires malicious or subjective intent; (B) the arresting officer traveled outside of his jurisdiction to arrest her; (C) her conviction violated her First Amendment rights and the rule of lenity; and (D) her conviction violated her Sixth Amendment rights. *Bradshaw v. Clarke*, No. CL 18-6389 (Va. Cir. Sept. 18, 2018). The circuit court dismissed Bradshaw's petition, finding that all of her claims were barred by *Slayton v. Parrigan*, 205 S.E. 2d 680 (1974). ECF No. 17-1 at 2–3. The circuit court further found that Bradshaw failed to allege any factual support for claims (C) and (D). *Id.* at 3. Last, the circuit court found, to the extent Bradshaw was attempting to raise an ineffective assistance of counsel claim, the claims failed under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 4–6.[1] Bradshaw did not appeal the circuit court's dismissal of her habeas petition.

On February 1, 2019, while she was incarcerated at the Chesapeake City Jail on a probation violation, Bradshaw filed her federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. ECF No. 1 at 1; ECF No. 17 at 2 n.1. Bradshaw contends her conviction violated her constitutional rights on the following grounds:

---

[1] In Bradshaw's state petition, she does not mention ineffective assistance of counsel in the section of the petition outlining her grounds for relief. *Bradshaw v. Clarke*, No. CL 18-6389 (Va. Cir. Sept. 18, 2018). Where the form petition states, "[i]f any ground . . . has not been presented to a court, list each ground and the reason why it was not," Bradshaw wrote, "(b) jurisdictional issue— ineffective assistance of counsel" and "(a) mistake of law—ineffective assistance of counsel." *Id.* Consequently, the circuit court state habeas opinion addressed whether counsel was ineffective in failing to raise these two claims at trial. ECF No. 17-1 at 4–6.

2

(1) First Amendment: "'True threat' was not proven nor was malicious intent proven. Petitioner's statement [plainly] states she had no intent to threaten but that she was merely expressing a <u>feeling</u>. No subjective intent to threaten found to be present."

(2) Ineffective Assistance of Counsel: "Attorney failed to argue statute, return phone calls, investigate claims, call witnesses, check for conflict of interest, advise of rights and protect rights, and advise of appeal process."

(3) Fraud on the Court: "Statute clearly indicates it is a <u>wire</u> law and a conviction for verbal threat (even though not a threat) would be a fraud on the Court."

(4) Fourth Amendment:

> (a) "Petitioner arrested by Fire Marshall Orfield in City of Norfolk, Virginia. Fire Marshall Orfield traveled from Chesapeake to Norfolk to arrest petitioner."

> (b) "Orfield also interviewed petitioner without reading her her Miranda Rights. Petitioner was detained in a 4 x 5 room, unable to leave or call for an attorney. Orfield failed to inform petitioner of rights prior to detainment and interview."

ECF No. 1 at 5–10.

On August 15, 2019, respondent filed a document styled "Motion to Dismiss and Rule 5 Answer" to the petition, along with a supporting memorandum.[2] ECF Nos. 14, 15, 17. Bradshaw did not file a response thereto.

## II. ANALYSIS

### A. Bradshaw claims have been simultaneously exhausted and procedurally defaulted.

Before addressing Bradshaw's claims, the Court must determine whether Bradshaw exhausted her remedies in state court, *see* 28 U.S.C. § 2254(b), and determine if such claims were procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

---

[2] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Bradshaw with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 16.

A federal court cannot grant a writ of habeas corpus to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before their presentation to a federal court. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

Bradshaw's claims have not been presented to the Supreme Court of Virginia on direct appeal or collateral review (habeas proceedings). Although Bradshaw raised some of her federal grounds for relief in her state petition to the Circuit Court for the City of Chesapeake, she did not appeal the circuit court's dismissal of her petition to the Supreme Court of Virginia. Thus, Bradshaw's claims have not been presented to the state's highest court as required for exhaustion. *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *abrogated in part on other grounds by Miller-El v. Dretke*, 545 U.S. 231, 241 (2005).

This does not, however, end the exhaustion inquiry. Instead, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and procedural default occur

"when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present [her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). In that instance, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Baker*, 220 F.3d at 288.

Before finding a procedural default, it must be "clear" that the pertinent claims are now procedurally barred based upon a state law providing an independent and adequate ground for dismissal. *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32). A state procedural rule is adequate if it is "regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule is independent "if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Bradshaw failed to file a direct appeal of her conviction, and the time for doing so has expired. *See* Va. Sup. Ct. R. 5A:6 (providing that a notice of appeal must be filed "within 30 days after entry of final judgment or other appealable order"). Bradshaw filed a state habeas petition with the Circuit Court for the City of Chesapeake, but did not appeal the dismissal of her petition to the Supreme Court of Virginia and the time for filing an appeal has expired. *Id.* Any attempt to file a new state petition for a writ of habeas corpus would be barred as successive under Va. Code Ann. § 8.01-654(B)(2). *See Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997) (holding that the successive petition rule in Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground barring federal habeas review).

Thus, Bradshaw's claims can be treated as exhausted because they would be procedurally barred under state law if she attempted to present the claims to the state court. *Baker*, 220 F.3d at 288. "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Id.* (citation and quotation marks omitted). As discussed below, Bradshaw has not demonstrated cause and prejudice for the default, and no exception applies to allow review of her habeas claims in this Court.

**B.     No cause exists to excuse Bradshaw's procedural default.**

A petitioner may overcome procedural default and obtain federal merits review if she can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750, and *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).

To show cause to excuse a procedural default, a petitioner must establish that some "objective factor external to the defense impeded [her] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Coleman*, 501 U.S. at 753 (noting that a factor external to the defense is one that "cannot fairly be attributed to" the prisoner). To explain her failure to exhaust state remedies, Bradshaw contends that she "was ignorant of judicial process," and her counsel was "incompetent, [and] did not advise of appeal or jurisdictional issues." ECF No. 1 at 5, 10.

In *Martinez*, the Supreme Court created a narrow exception to the rule specified in *Coleman*, 501 U.S. at 754–55, "that an attorney's ignorance or inadvertence in a postconviction

proceeding does not qualify as cause to excuse a procedural default." *Martinez v. Ryan*, 566 U.S. 1, 9, 14, 17 (2012). The Court in *Martinez* ruled that the ineffective assistance of counsel, or the lack of counsel, during an initial-review collateral proceeding may constitute justifiable cause for procedural default in certain circumstances. 566 U.S. at 9, 14, 17. An "initial-review collateral proceeding[]" is one that "provide[s] the first occasion to raise a claim of ineffective assistance at trial."[3] *Id.* at 8; *see Davila v. Davis*, 137 S. Ct. 2058, 2065–66 (2017) (declining to extend the exception to defaulted claims concerning appellate counsel's performance, and noting that the narrow exception allows the ineffective assistance of postconviction counsel to constitute cause to surmount default on a single claim—the ineffective assistance of trial counsel—in states that only allow such claims to be brought in state postconviction proceedings).

"Generally, a federal court may not consider claims that a petitioner failed to raise at the time and in the manner required under state law," but an exception for ineffective assistance claims exists where

> (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the cause for default consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance claim be raised in an initial-review collateral proceeding.

*Teleguz v. Zook*, 806 F.3d 803, 807–08 (4th Cir. 2015) (citation and quotation marks omitted). Even when such requirements are met, a "finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez*, 566 U.S. at 17.

---

[3] Under Virginia law, a claim that trial counsel was ineffective "must be asserted in a habeas corpus proceeding and [is] not cognizable on direct appeal." *Lenz v. Commonwealth*, 544 S.E.2d 299, 304 (Va. 2001).

7

The exception identified in *Martinez* has no application to Bradshaw's grounds (1), (3), and (4) as they do not involve claims of ineffective assistance of counsel. The exception can only apply to ground (2) of Bradshaw's petition, alleging ineffective assistance of counsel.

The final three components of the *Martinez* exception are established with respect to Bradshaw's ground (2). Bradshaw had no counsel during the state collateral review proceeding (factor 2), the state collateral review was the initial review of her claim based on the ineffective assistance of trial counsel (factor 3), and, under *Lenz v. Commonwealth*, 544 S.E.2d 299, 304 (Va. 2001), Virginia law requires that such an ineffective assistance of trial counsel claim be raised in a collateral proceeding (factor 4). This Court must determine whether the ineffective assistance claim in ground (2) is "substantial" such that the first factor for this exception is established; only if this exception is established can the Court review the merits of Bradshaw's habeas claim. *Teleguz*, 806 F.3d at 808. A claim is "insubstantial" if it "is wholly without factual support." *Martinez*, 566 U.S. at 16.

Bradshaw's ground (2) states in total:

> Attorney failed to argue statute, return phone calls, investigate claims, call witnesses, check for conflict of interest, advise of rights and protect rights, and advise of appeal process. Attorney found great enjoyment in showing petitioner to be ignorant.

ECF No. 1 at 7. Bradshaw offers no facts to support her argument. Bradshaw does not explain what she means by counsel's failure to "argue statute," proffer what information counsel failed to uncover due to a failure to investigate, name any witnesses counsel should have called or proffer their testimony, or describe any conflict of interest. Bradshaw does not proffer any basis for finding the outcome of her trial would have been different but for counsel's performance. The Court cannot find that Bradshaw's ineffective assistance of trial counsel claim is "substantial." *See Formica v. Superintendent of Cent. Virginia Reg'l Jail*, No. 7:14cv357, 2015 WL 5561933, at

8

\*13 (W.D. Va. Aug. 21, 2015), *report and recommendation adopted,* No. 7:14cv357, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015) (finding unsupported and speculative allegations of ineffective assistance of counsel were not substantial); *see also Walton v. Johnson*, 440 F.3d 160, 178 (4th Cir. 2006) (upholding district court's dismissal of petition and finding "conclusory, speculative allegations" cannot support a claim for habeas relief). Accordingly, Bradshaw has failed to establish that cause exists to excuse her procedural default.

C.   **Bradshaw has failed to show actual innocence sufficient to open the gateway permitting the Court to address her procedurally barred claims.**

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring procedurally defaulted claims and claims raised after expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–316 (1995); *Finch v. McKoy*, 914 F.3d 292, 294 (4th Cir. 2019). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins,* 506 U.S. 390, 404 (1993) (citation omitted). It "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup,* 513 U.S. at 324.

To establish actual innocence predicated upon constitutional error, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The exception requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. If a

petitioner provides the court with reliable, newly discovered evidence of his actual innocence, then the court weighs the new evidence in light of the previous admissible and inadmissible evidence and makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

The *Schlup* standard is an exceedingly high burden to satisfy and only permits review in "extraordinary" cases. *House v. Bell*, 547 U.S. 518, 538 (2006); *see also Schlup*, 513 U.S. at 327–29. A petitioner's actual innocence claim "does not by itself provide a basis for relief." *Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012) (quotation marks omitted); *see Herrera*, 506 U.S. at 400 (noting that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings"). Instead, a petitioner's "claim of innocence is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quotation marks omitted); *see also Teleguz*, 689 F.3d at 329.

Bradshaw argues that the evidence presented at her trial was insufficient to prove her intent to bomb or burn, but showed that she was "merely expressing a feeling." ECF No. 1 at 5. She has not offered any new, reliable evidence making it more likely than not that no reasonable juror would have convicted her. Bradshaw has not satisfied the high standard to pass through the actual innocence gateway, so the Court cannot consider her procedurally barred habeas petition. *See McQuiggin*, 569 U.S. at 397.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 8, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Paula Marie Bradshaw
2704 Halsey St.
Chesapeake, VA 23324-2939

Fernando Galindo, Clerk

By _____
Deputy Clerk

November ___, 2019